## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

APRIL SHUE, Individually and as            )
Personal Representative of the Estate of   )
ROBERT SHUE, and as Next Friend for        )
Meghan Nichol Shue and Ryann               )
Elizabeth Shue, Minor Children,            )
                                           )
              Plaintiff,                   )
                                           )
v.                                         )        Case No. 10-CV-0559-CVE-PJC
                                           )
HIGH PRESSURE TRANSPORTS, LLC,             )
an Oklahoma Limited Liability Company,     )
and CF INDUSTRIES, INC.,                   )
a Delaware Corporation,                    )
                                           )
              Defendants.                  )

## OPINION AND ORDER

Now before the Court are Defendant High Pressure Transports, LLC's Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6) and Brief in Support (Dkt. # 20) and Plaintiff's Motion to

Remand and Brief in Support (Dkt. # 27).  Defendant High Pressure Transports, LLC (High

Pressure) asks the Court to dismiss plaintiff's claims against it for failure to state a claim, because

plaintiff's claims are barred by the exclusive remedy provision of the Oklahoma Workers'

Compensation Act, OKLA. STAT. tit. 85, § 1 et seq. (OWCA), and she has not adequately alleged an

intentional tort claim under Parret v. UNICCO Service Company, 127 P.3d 572 (Okla. 2005).

Plaintiff asks the Court to remand the case for lack of subject matter jurisdiction, because High

Pressure has not met its burden to show that it was fraudulently joined as a party and the parties are not completely diverse as required by 28 U.S.C. § 1332.[1]

## I.

High Pressure, an Oklahoma limited liability company with its principal place of business in Oklahoma, transports anhydrous ammonia and it employed Robert Shue.  On November 16, 2009, Shue was loading anhydrous ammonia onto his truck at a facility in Rosemount, Minnesota, owned by CF Industries, Inc. (CFI).  CFI is a Delaware corporation with its principal place of business in Illinois.  Dkt. # 2, at 2.  Plaintiff, a citizen of Oklahoma, alleges that a dangerous quantity of anhydrous ammonia leaked into the air and Shue died from exposure to anhydrous ammonia.  Dkt. # 2-1, at 2.

Plaintiff, the personal representative of Shue's estate, filed a lawsuit in the District Court of Rogers County, Oklahoma asserting claims against High Pressure and CFI.  It appears that plaintiff is alleging negligence and intentional tort claims against both defendants, and she seeks damages in excess of $10,000 against both defendants.  Dkt. # 2-1.  She alleges that High Pressure knew that anhydrous ammonia was hazardous and failed to exercise ordinary care to protect Shue from injury or death caused by its release.  Plaintiff alleges eight negligent acts or omissions by High Pressure:

      a.      In failing to adequately warn Robert Shue of the dangerous characteristics of anhydrous ammonia;

---

[1]    Plaintiff argues that the Court should address the motion to remand before reaching High Pressure's motion to dismiss.  Dkt. # 29, at 2.  However, the motions are intertwined, and the Court cannot rule on plaintiff's motion to remand without determining whether plaintiff may have a claim against High Pressure.  Thus, the Court is not disregarding the requirement to determine whether subject matter jurisdiction exists by considering the motions simultaneously.

b.      In failing to provide reasonably safe and sufficient wearing apparel to protect Robert Shue from injuries and death;

c.      In failing to provide a safe work environment or procedures;

d.      In failing to train those using, handling, maintaining, and loading anhydrous ammonia in the proper manner to carry out such tasks in violation of OSHA and other applicable standards;

e.      In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of using, handling, maintaining, and loading anhydrous ammonia in order to prevent the escape of anhydrous ammonia;

f.      In failing to test or inspect equipment, including but not limited to trailers used for hauling anhydrous ammonia, during or after each equipment's use, maintenance or installation so that Robert Shue would not be exposed to anhydrous ammonia and thereby expose Robert Shue to the health hazards inherent in anhydrous ammonia exposure;

g.      In failing to maintain its equipment and provide necessary equipment, including but not limited to its trailers, in a safe condition in violation of OSHA and other applicable standards;

h.      In failing to contain or prevent the release of anhydrous ammonia to Robert Shue . . . . .

Id. at 4.  Plaintiff also alleges that "[t]he actions and/or inactions of High Pressure were of such a nature that it was substantially certain that an injury would result from such actions and/or inactions and High Pressure caused Robert Shue's injuries and death with such knowledge." Id.

CFI removed the case on the basis of diversity jurisdiction, and High Pressure consented to removal.  CFI acknowledged that the parties named in plaintiff's petition were not completely diverse, but alleged that plaintiff fraudulently joined High Pressure to defeat diversity jurisdiction in federal court.  CFI states that:

High Pressure is an Oklahoma Limited Liability Company with its principal place of business in Oklahoma, and is therefore a citizen of the State of Oklahoma.  High Pressure's presence in this action, however, is the result of fraudulent joinder, and

3

therefore does not impede the Court's exercise of jurisdiction over this action. *See e.g. Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) (holding that a defendant's right to removal cannot be defeated by the fraudulent joinder of a non-diverse defendant). Fraudulent joinder may be proved by showing that the plaintiff has no possibility of recovering against the non-diverse defendant. *Id.* Plaintiff alleges that High Pressure, Robert Shue's former employer, intentionally engaged in conduct that caused his death. Plaintiff, however, does not plead specific facts supporting the allegation that High Pressure's conduct was intentional, and therefore Plaintiff's claim is barred by the exclusive liability provision of the [OWCA]. *Parret v. UNICCO Serv. Co.*, 127 P.3d 572, 579 (Okla. 2005); *Price v. Howard*, No. 105,943, 2010 WL 925175, at *3 (Okla. March 16, 2010). Because bare allegations of willful or intentional conduct on the part of the employer are insufficient to circumvent the exclusivity provisions of the OWCA, Plaintiff's claim against High Pressure is barred and High Pressure's joinder was fraudulent. *See Torres v. Cintas Corp.*, No. 08-CV-0185, 2008 WL 25100133, at * 6-7 (N.D. Okla. 2008) (holding that non-diverse employer was fraudulently joined and court therefore had subject matter jurisdiction under 28 U.S.C. § 1332).

Dkt. # 2, at 2-3. High Pressure filed a motion to dismiss plaintiff's claims against it.

## II.

High Pressure argues that plaintiff's claims against it should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), because her negligence claim is barred by the exclusive remedy provision of the OWCA and she has not alleged sufficient facts to state an intentional tort claim under Parret. Plaintiff responds that the Court should not reach High Pressure's motion to dismiss unless it determines that it has subject matter jurisdiction over this case. Although these motions present overlapping issues, the parties substantially disagree on the standard of review to determine if plaintiff has any possibility of recovery against High Pressure. High Pressure argues that plaintiff's Parret claim must be able to survive a motion to dismiss under the standard announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for plaintiff to have a possibility of recovery against the non-diverse defendant. Dkt. # 35, at 11. Plaintiff responds that

the Court should apply the Oklahoma pleading standard to determine if she has fraudulently joined

High Pressure.  Dkt. # 27, at 12-13.

High Pressure argues that it was Shue's employer and ordinarily the exclusive remedy for

a workplace injury suffered by an employee is workers' compensation.  OKLA. STAT. tit. 85, § 12;

Sizemore v. Continental Cas. Co., 142 P.3d 47, 52 (Okla. 2006); Davis v. CMS Continental Natural

Gas, Inc., 23 P.3d 288, 292 (Okla. 2001).  However, the Oklahoma Workers' Compensation Act

provides the exclusive remedy for accidental workplace injuries, and an injured employee may still

be able to bring a tort claim against his employer for injuries caused by an employer's intentional

conduct.  Roberts v. Barclay, 369 P.2d 808 (Okla. 1962).  In Parret v. Unicco Service Co., 127 P.3d

572 (Okla. 2005), the Oklahoma Supreme Court adopted the substantial certainty standard to

determine if an employer's conduct constitutes an intentional act falling outside of the exclusive

remedy provision of the workers' compensation act and held that:

> [i]n order for an employer's conduct to amount to an intentional tort, the employer
> must have (1) desired to bring about the worker's injury or (2) acted with knowledge
> that such injury was substantially certain to result from the employer's conduct.
> Under the second part of this standard, the employer must have intended the act that
> caused the injury with knowledge that the injury was substantially certain to follow.
> The issue is not merely whether the injury was substantially certain to occur, but
> whether the employer knew it was substantially certain to occur.  The employer's
> subjective appreciation of the substantial certainty of injury must be demonstrated.

Id. at 579.  It is not sufficient for a plaintiff to allege that an employer acted willfully or intentionally

without stating supporting facts in the complaint that could create liability under this standard.  The

Oklahoma Supreme Court stated:

> Mere allegations of intentional conduct will not circumvent the Workers'
> Compensation Act.  The worker must allege facts which 'plausibly demonstrate' that
> the employer's conduct was intentional under the 'substantial certainty' standard.
> "In terms of intentional tort then, the use of the word 'intent' in allegations 'is not
> a talisman that can change the allegations into colorable claims . . . .'"

Id. Thus, the Oklahoma Supreme Court has expressly addressed the pleading requirement for an intentional tort under the Parret standard, and found that "mere allegations" of intentional conduct, standing alone, are not sufficient to state a claim.  See Hill v. United Parcel Serv. of America, Inc., 2009 WL 1974461 (W.D. Okla. July 6, 2009); Torres v. Cintas Corp., 2008 WL 2510133 (N.D. Okla. June 19, 2008).

Plaintiff argues that CFI bears the burden to show that plaintiff has no possibility of recovery against High Pressure, and the burden on a defendant is significantly greater than that required to obtain dismissal of claims under Twombly.  Regardless of the standard of review, plaintiff claims that she has alleged a valid Parret claim against High Pressure, because she alleges that High Pressure was in the business of transporting a dangerous substance and knew that the substance could potentially harm High Pressure's employees.  Dkt. # 27, at 15.  Defendants respond that they have met their burden to show fraudulent joinder if plaintiff has not alleged a cognizable claim under federal pleading standards, and Twombly provides the standard to determine if plaintiff has stated a cognizable or "plausible" claim against High Pressure.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).  Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant.  Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).  If defendants can show that the non-diverse defendant, High Pressure, was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over this case.  See

American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). To prove that a party has been fraudulently joined, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.3d at 246 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

Defendants argue that High Pressure was fraudulently joined as a party if the claims alleged in plaintiff's petition do not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim

has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

High Pressure asserts three arguments in its motion to dismiss that are relevant to whether plaintiff has any possibility of recovery against High Pressure, and these arguments should also be considered as part of the jurisdictional inquiry.  First, High Pressure argues that the Oklahoma Legislature recently amended OKLA. STAT. tit. 85, § 12, and expressly overruled Parret by eliminating the substantial certainty standard for an intentional tort occurring in the workplace.  Second, High Pressure asserts that the substantial certainty standard conflicts with the Oklahoma Constitution and is unconstitutional as a matter of Oklahoma law.  Finally, High Pressure argues that plaintiff's factual allegations are wholly insufficient to suggest that she has any possibility of recovery against High Pressure.

In Parret, the Oklahoma Supreme Court interpreted § 12 to permit an intentional tort if an employer knew with substantial certainty that its actions could cause an employee's injury or death. See Parret, 127 P.3d at 579.   The Oklahoma Legislature has amended § 12 to eliminate the substantial certainty standard:

> The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and any of his employees, any architect, professional engineer, or land surveyor retained to perform professional services on a construction project, at common law or otherwise, for such injury, loss of services, or death, to the employee, or the spouse, personal representative, parents, or dependents of the employee, or any other person, except in the case of an intentional tort, or where the employer has failed to secure the payment of compensation for the injured employee as provided for in Section 61 of this title. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from its conduct shall not constitute an intentional tort.

OKLA. STAT. tit. 85, § 12 (emphasis added).   Plaintiff argues that she filed this case before the amendment to § 12 took effect, and substantive amendments to civil statutes do not apply retroactively.   Dkt. # 29, at 12.   Plaintiff filed this case on August 16, 2010, but the amendment to § 12 did not take effect until August 27, 2010.   Amendments to the OWCA affecting a party's substantive rights do not apply retroactively.   CNA Ins. Co. v. Ellis, 148 P.3d 874 (Okla. 2006).   The Oklahoma Legislature did not expressly make the amendment to § 12 retroactive, and it is clear that the amendment substantively alters a party's right to bring an intentional tort claim outside of the scope of the OWCA.   High Pressure has filed a reply in support of its motion to dismiss, but it does not address plaintiff's argument concerning the non-retroactivity of § 12.   The Court finds that the substantial certainty test had not been legislatively overruled when plaintiff filed this case, and she may proceed with an intentional tort based on a substantial certainty theory.

High Pressure argues that the substantial certainty standard for an intentional tort conflicts with OKLA. CONST. art XXIII, § 7, which provides:

> The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workers' Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive, and the Legislature may enact statutory limits on the amount recoverable in civil actions or claims against the state or any of its political subdivisions.

According to High Pressure, allowing a deceased worker's personal representative to pursue any remedy other than a workers' compensation violates the Oklahoma Constitution. However, the Oklahoma Supreme Court has clarified that § 7 was intended to bring "some" wrongful death actions within the scope of the OWCA, and the scope of § 7 is limited by the reach of the OWCA. Riley v. Brown & Root, Inc., 836 P.2d 1298, 1300 (Okla. 1992). The Oklahoma Supreme Court has repeatedly recognized an intentional tort exception to the OWCA and found that such claims are not within the scope of the OWCA. See Price v. Howard, 236 P.3d 82, 88 (Okla. 2010); Craft v. Graebel-Oklahoma Movers, Inc., 178 P.3d 170, 177 (Okla. 2007); Davis, 23 P.3d at 293-94; Roberts, 369 P.2d at 809. Parret, 127 P.3d at 574-75 In Parret, the Oklahoma Supreme Court adopted the substantial certainty standard for intentional tort claims and held that intentional torts meeting the substantial certainty standard were not governed by the OWCA. Section 7 allows the Oklahoma Legislature to set limits on recovery only for claims governed by the OWCA, but it does not require that all wrongful death actions arising out of the workplace be brought under the OWCA. The Court also presumes that the Oklahoma Supreme Court was aware of § 7 when it decided Parret and it impliedly found that the substantial certainty standard was consistent with the Oklahoma Constitution. Even if High Pressure were correct that Parret conflicts with § 7, this Court may not

10

overrule the Oklahoma Supreme Court on a matter of state law, and High Pressure should direct its argument to the proper court if it believes that <u>Parret</u> was wrongly decided.

Defendants also argue that plaintiff has no possibility of recovering against High Pressure under an intentional tort theory, because the allegations of the petition, at most, state a negligence claim against High Pressure.  Plaintiff's claim against High Pressure is styled as "Negligence and Intentional Tort Against High Pressure."  Dkt. # 2-1, at 3.  It is clear that plaintiff has no possibility of recovering against High Pressure under a negligence theory and allegations of negligence, standing alone, are insufficient to state a claim against High Pressure.  Plaintiff's petition generally alleges that the "actions and/or inactions of High Pressure were of such a nature that it was substantially certain that an injury would result from such actions and/or inactions and High Pressure caused Robert Shue's injuries and death with such knowledge."  Dkt. # 2-1, at 4.  Under <u>Parret</u>, "mere allegations" of intentional conduct do not suffice to turn a negligence claim into an intentional tort, and plaintiff's claim as alleged does not state an intentional tort under <u>Parret</u>.  <u>Parret</u>, 127 P.3d at 579.  Plaintiff argues that she may allege intent generally under Fed. R. Civ. P. 9(b) or Okla. Stat. tit. 12, § 2009(b).  However, plaintiff ignores the Oklahoma Supreme Court's admonition that a general allegation of intent is insufficient to state a <u>Parret</u> claim, and it is clear that the Oklahoma Supreme Court does not allow "mere allegations" that an employer acted with substantial certainty to overcome the protections afforded to an employer under the OWCA.  Plaintiff seems to be arguing that she can allege a <u>Parret</u> claim by asserting that High Pressure knew that it was transporting a dangerous substance, anhydrous ammonia, and "failed to protect" Shue from injury. <u>See</u> Dkt. # 27, at 15.  This is a garden variety negligence claim, and the mere fact that High Pressure was in the business of transporting a potentially dangerous substance does not convert every

11

workplace injury into an intentional tort.  Plaintiff also attempts to rely on a citation issued to High Pressure by the Occupational Safety and Health Administration (OSHA) finding that High Pressure committed a serious violation of OSHA regulations.  Id. at 16.  However, the Oklahoma Supreme Court has rejected the use of OSHA violations to establish an intentional tort for a Parret claim. Price, 236 P.3d at 90 ("violation of governmental safety regulations, even if willful and knowing, does not rise to the level of an intentional tort or an actual intent to injure).  Plaintiff's petition contains several conclusory allegations of negligence and a general allegation that High Pressure knew with substantial certainty that Shue would be injured, but this is insufficient to state a Parret claim under Twombly.

Defendants have established that plaintiff's petition fails to allege any specific facts sufficient to state a plausible Parret claim under the Twombly standard.[2]  However, defendants has not shown that plaintiff has no possibility of recovery against High Pressure, because it is possible that plaintiff may be able to amend her complaint to state an intentional tort against High Pressure. Plaintiff's petition is deficient in terms of the factual allegations against High Pressure, but the

---

[2]        Plaintiff argues that the Twombly standard does not govern the fraudulent joinder analysis, because the failure to allege a "plausible" claim does not foreclose any possibility that plaintiff might be able to recover against High Pressure in state court.  CFI argues that the Twombly standard governs the jurisdictional inquiry in fraudulent joinder cases, but this argument has been rejected by the only two federal courts to consider the issue.  See Tofighbakhsh v. Wells Fargo & Co., 2010 WL 2486412, *3 (N.D. Cal. June 16, 2010); Moorhouse v. Bayer Healthcare Pharmaceuticals, Inc., 2008 WL 2477389, *2 n.3 (N.D. Cal. June 18, 2008).  The Court agrees with the other courts that have considered this issue and finds that Twombly's plausibility standard is inconsistent with the rules governing fraudulent joinder.  Twombly directs federal courts to consider the "plausibility" of a claim, while the issue when determining whether a party has been fraudulently joined is whether the plaintiff has any possibility of recovery against the non-diverse party.  These are distinct inquiries and the Court finds that a plaintiff's failure to allege a claim under the Twombly standard does not foreclose the possibility of recovery for the purpose of a fraudulent joinder analysis.

deficiencies identified by defendants would not justify dismissal with prejudice at this stage of the case.  See Hart, 199 F.3d 239 (case remanded to state court even though the plaintiff's pleading failed to state a claim, because there was a possibility that the plaintiffs could amend their pleading to state a claim); Harrison v. Adams, 2006 WL 1049493 (S.D.W. Va. Apr. 18, 2006) ("The court's finding that plaintiffs have failed to plead a fraud claim against [defendant] with particularity does not, as the removing defendants appear to suggest, equate to a finding of fraudulent joinder."); Rosamond v. Garlock Sealing Technologies, Inc., 2004 WL 1059811 (N.D. Miss. Apr. 22, 2004) (finding no fraudulent joinder when plaintiff would be entitled to file an amended complaint realleging claims against the non-diverse defendant).  A finding of fraudulent joinder would be the equivalent of dismissing with prejudice plaintiff's claims against High Pressure, but defendants have not shown that plaintiff has no possibility of curing any pleading deficiencies with an amended pleading.

Defendants rely on this Court's decision in Torres v. Cintas Corp., 2008 WL 2510133 (N.D. Okla. June 19, 2008), but Torres is distinguishable from the instant case.  In Torres, defendant Cintas Corporation (Cintas) removed a case to federal court based on fraudulent joinder alleging that the plaintiff joined non-diverse Cintas employees as parties to defeat diversity jurisdiction.  Id. at *1.  The plaintiff was the surviving spouse of an employee of Cintas who died in a workplace accident.  The plaintiff alleged a Parret claim against Cintas and attempted to allege negligence claims against Cintas employees.  The plaintiff and Cintas were diverse, but joinder of the Cintas employees as parties would have destroyed complete diversity.  Id.  Cintas did not seek dismissal of the plaintiff's claim against it and did not contest the sufficiency of the allegations of the plaintiff's complaint.  Id. at *6-7.   The Court found that the plaintiff could not state claims against the decedent's

13

supervisors in their capacity as Cintas employees as a matter of law, and the employees were fraudulently joined as parties.  Id. at * 7 (citing Armstrong v. Carr, 77 P.3d 598, 603 (Okla. Civ. App. 2003)).  In this case, plaintiff can assert a Parret claim against Shue's employer as a matter of law, but the Court has found that her factual allegations are deficient.  This leaves open the possibility that plaintiff may be able to amend her petition to state a claim against High Pressure. CFI has not met it heavy burden to show that plaintiff fraudulently joined High Pressure as a party, and this case should be remanded to state court for further proceedings.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 27) is **granted**, and Defendant High Pressure Transports, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Brief in Support (Dkt. # 20) and Defendant CF Industries, Inc.'s Motion to Consolidate Cases and Brief in Support (Dkt. # 33) are **moot**.

IT IS FURTHER ORDERED that the Court Clerk is directed to remand the case to the District Court of Rogers County.

DATED this 22nd day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

14